UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 5:10-cr-34-KKC-1
(Related Civil Action No. 5:16-cv-52-KKC)

UNITED STATES OF AMERICA,                                                   PLAINTIFF,

v.                              **MAGISTRATE JUDGE'S REPORT
                                 AND RECOMMENDATION**

JAMES ROBERT WEST,                                                          DEFENDANT.

*** *** *** ***

On February 17, 2016, Defendant James Robert West filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. [R. 61]. The United States responded on March 2, 2016. [R. 65]. As grounds for his motion, West argues that he is entitled to resentencing because recent case law renders his status as an armed career criminal inappropriate. Specifically, West alleges that the Supreme Court's decision in <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015), retroactively excludes West's prior burglary conviction from being used to qualify him for the armed career criminal sentencing enhancement under 18 U.S.C. § 924(e). Consistent with local practice, the matter has been referred to the undersigned for preparation of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Having reviewed the record and applicable law, the Court finds that burglary was not a predicate offense invalidated by <u>Johnson</u>, rendering West properly sentenced as an armed career criminal. Therefore, for the reasons that follow, the Court will recommend that his motion to vacate be denied.

FACTUAL AND PROCEDURAL BACKGROUND

After receiving notice in April 2010 that he would be considered as an armed career criminal under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), and U.S.S.G. § 4B1.4(a), [R. 11], Defendant James Robert West pled guilty on August 20, 2010, to one count of being a felon in possession of a firearm. [R. 24]. His plea agreement did not waive his right to collaterally attack his sentence if he was found to be an armed career criminal at his sentencing hearing. Moreover, prior to his sentencing, he filed a memorandum contesting his designation as an armed career criminal under the ACCA's definitions. [R. 37]. The ACCA section at issue states that

> a person who violates section 922(g) of this title and *has three previous convictions* by any court referred to in section 922(g)(1) of this title *for a violent felony or a serious drug offense*, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

18 U.S.C. § 924(e)(1) (emphasis added). The ACCA defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year [. . .] that— (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is *burglary*, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]" Id. at § 924(e)(2)(B) (emphasis added).[1] Defendant argued at sentencing that his church burglaries were not "violent" because the churches were likely uninhabited; he admitted that he did indeed burglarize them.

---

[1] That last "or otherwise . . ." phrase is known as the "residual clause" and was deemed unconstitutional in June 2015 by the Supreme Court in Johnson v. United States, 135 S. Ct. 2551 (2015), discussed in detail infra.

At his sentencing hearing, Defendant's objections were overruled because the district judge found that at least three of his five prior burglary convictions qualified within the explicit enumeration of "burglary" in the definition of "violent felony" under the ACCA. [Rs. 30, 48 at 19-20]. That is, Defendant's prior convictions represented at least the "three strikes" required under the ACCA to consider him an armed career criminal, permitting him to be sentenced to a lengthier term of imprisonment. Defendant was then sentenced to 180 months of incarceration followed by five years of supervised release. [R. 34]. He unsuccessfully appealed to the Sixth Circuit in December 2011, in which he further contested his designation as an armed career criminal under 18 U.S.C. § 924(e). [Rs. 50, 51]. Specifically, Defendant argued that "a series of third-degree burglary convictions in Kentucky state courts should not count as violent felonies supporting his armed career-criminal status because the buildings burglarized were unoccupied churches." [R. 50 at 1]. Just as the Court did at Defendant's sentencing hearing, the Sixth Circuit rejected this argument because the burglary convictions were categorically found to be "generic burglaries" and thus violent felonies under highly analogous cases. [Id. at 2 (citing, e.g., United States v. McGovney, 270 F. App'x 386 (6th Cir. 2008)]. The instant § 2255 motion followed, filed nearly four years after the conclusion of Defendant's direct appeal. [R. 61].

## LEGAL STANDARD

Generally, a prisoner has a statutory right to collaterally attack his conviction or sentence. Watson v. United States, 165 F.3d 486, 488 (6th Cir. 1999) ("[B]oth the right to appeal and the right to seek post-conviction relief are statutory rights . . . ."). For a federal prisoner to prevail on a 28 U.S.C. § 2255 claim, he must show that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to

render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255(b). Although the one-year statute of limitations applicable to § 2255 motions typically runs from the end of a defendant's direct appeal, the limitation period may run from a right that "has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Id. at § 2255(f)(3).

<u>ANALYSIS</u>

Here, in his § 2255 motion, Defendant renews his arguments made to the Sixth Circuit on direct appeal, but he is now armed with the recent Johnson decision and its progeny. Specifically, he claims that his prior conviction for "burglary of a church" does not qualify him for the recidivist enhancement as an armed career criminal under the ACCA, 18 U.S.C. § 924(e). [R. 61 at 4]. Defendant argues that two recent cases, Johnson v. United States, 135 S. Ct. 2551 (2015), and United States v. Franklin, 622 F. App'x 501 (6th Cir. 2015), "invalidate [his] prior burglary conviction to allow [him] to be designated under ACCA." [Id.]. Aware that his motion would ordinarily be untimely, Defendant also argues that Johnson also provides him with a retroactively applicable substantive rule that permits him to timely file the instant § 2255 motion. [R. 61-1 at 4-6].

In Johnson, the Supreme Court held that imposing an increased sentence under the ACCA's "residual clause," which loosely defines violent felonies, violates due process because it is unconstitutionally vague. Johnson, 135 S. Ct. at 2563. In the Franklin case, the Sixth Circuit applied Johnson to find that a predicate offense of attempted burglary, which was previously a qualifying predicate offense under the now-defunct residual clause, could no longer be used to qualify a defendant as a career criminal. 622 F. App'x at 514. Therefore, Defendant asks this

-4-

Court to vacate his sentence "to reflect he is not an Armed Career Offender under the meaning of 18 U.S.C. [§] 924(e)." [R. 61 at 7].

The United States counters simply that Johnson does not apply to Defendant's case because the offense of burglary was not a part of the residual clause that was invalidated by the Supreme Court. [R. 65 at 3]. They point out that valid portions of the ACCA still permit an enhanced sentence for prior "burglary" convictions. See 18 U.S.C. § 924(e). Consequently, the United States argues that Defendant's motion is untimely. [Id.].

Although Defendant hopes that Johnson and Franklin revive his ability to move to vacate his sentence, he is mistaken. It is clear that the Franklin court excluded *attempted* burglary and not burglary under its Johnson application. Franklin, 622 F. App'x at 514. Under the ACCA, "violent felony" is defined as "any crime punishable by imprisonment for a term exceeding one year . . . that . . . **is burglary, arson, or extortion, involves use of explosives**, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*[.]" Id. at § 924(e)(2)(B) (emphasis added). Only this last italicized phrase, known as the "residual clause," was deemed unconstitutional in June 2015 by the Supreme Court in Johnson. The four enumerated crimes in bold, including burglary, were not thrown out. Similarly, in Franklin, the Sixth Circuit found attempted burglary to fall with the now-defunct residual clause, *not burglary itself.* Franklin, 622 F. App'x at 514. Because Defendant's three prior convictions qualifying him under § 924(e)(1) as an armed career criminal were indeed burglaries and not attempted burglaries, Johnson does not provide him any avenue for relief. [See R. 25 at 3 (plea agreement describing the three applicable predicate offenses as burglaries of a dwelling and two churches); R. 50 at 1-2 (Sixth Circuit finding, on direct appeal, that Defendant's prior convictions are "generic burglaries" and thus violent felonies despite Kentucky's burglary statute being broader

than the generic definition); <u>accord</u> <u>Fraker v. United States</u>, No. 3:08-CR-36-PLR-CCS-1, 2016 WL 706236, *3 (E.D. Tenn. Feb. 22, 2016) (similarly rejecting the post-<u>Johnson</u>-and-<u>Franklin</u> attempted burglary argument and construing Tennessee's state "generic" aggravated burglary crime as "fall[ing] squarely within the scope of the [ACCA's] enumerated offense clause")].

Because <u>Johnson</u> and <u>Franklin</u> do not apply to Defendant's case, his motion to vacate is meritless and, consequently, untimely. Under 28 U.S.C. § 2255, a defendant has one year to file his motion. This one-year clock begins at the end of a direct appeal: that is, following a mandate from the appellate court and after the date upon which the 90-day period to file a writ of certiorari to the Supreme Court ends. <u>Clay v. United States</u>, 537 U.S. 522, 525 (2003). In Defendant's case, the Sixth Circuit issued its mandate on January 13, 2012, and any period for seeking a writ of certiorari ended ninety days later. The instant § 2255 motion was not filed until February 17, 2016, clearly years after the one-year period had lapsed. No new rule of constitutional law revived Defendant's ability to file a motion to vacate. Accordingly, the typical statute of limitations for § 2255 motions remains applicable here—and it has run. <u>See</u> 28 U.S.C. § 2255(f). Therefore, Defendant's motion to vacate should be denied.

CONCLUSION

Accordingly, the undersigned **RECOMMENDS** that Defendant's Motion to Vacate, Set Aside, or Correct Sentence [R. 61] be **DENIED** because the motion is untimely. <u>See</u> 28 U.S.C. § 2255(f).

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. <u>United States v. Campbell</u>, 261 F.3d 628, 632 (6th Cir. 2001). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. <u>Cowherd v. Million</u>, 380 F.3d 909,

-6-

912 (6th Cir. 2004). A party may file a response to another party's objections within fourteen

(14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed March 22, 2016.



Signed By:
*Edward B. Atkins*  𝓔βᴷ
United States Magistrate Judge