UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>V.<br><br>JAMES R. WEST,<br><br>    Defendant. | CRIMINAL ACTION NO. 5:10-034-KKC<br><br><br>OPINION AND ORDER |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Defendant's *pro se* Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255 [DE 61] and Motions to Reduce Sentence. [DE 59; 60.] Consistent with local practice, Defendant's § 2255 motion was referred to United States Magistrate Judge Edward B. Atkins for preparation of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Judge Atkins recommended that the § 2255 motion be denied. [DE 66]. Defendant did not file any objections. The Motions to Reduce Sentence were not referred to Judge Atkins, but present precisely the same argument. For the reasons stated herein, the Court will deny Defendant's motions.

Defendant pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Defendant was classified as an Armed Career Criminal within the meaning of 18 U.S.C. § 924(e), but challenged that designation prior to his sentencing. [DE 11; 27.] At his sentencing hearing, Judge Coffman overruled Defendant's objections, finding that Defendant's designation was proper because at least three of his five prior burglary convictions constituted violent felonies. [DE 48 at 19.] Judge Coffman noted that burglary is specifically included in the definition of violent felony. [DE 48 at 19-20.]

1

Defendant therefore received an enhancement under § 924(e)(1) and was sentenced to a term of 180 months. [DE 34.] Defendant appealed his designation and the accompanying sentence enhancement to the Sixth Circuit, which affirmed the district court's ruling. [DE 50.] Defendant then filed the present motions.

In his Motions to Reduce Sentence, Defendant inquires whether the United States Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015), affects his sentence. [DE 59; 60.] In his subsequent § 2255 motion, Defendant asserts that *Johnson* and *United States v. Franklin*, 622 F. App'x 501 (6th Cir. 2015), invalidate his sentence enhancement. [DE 61 at 4.] Specifically, Defendant argues that in light of *Johnson* and *Franklin* his prior burglary convictions do not constitute violent felonies under 18 U.S.C. § 924(e)(1). [DE 61-1 at 2.] Thus, all three of Defendant's motions seek the same relief.

Judge Atkins recommended that Defendant's § 2255 motion be denied. [DE 66 at 6.] The report reasoned that *Johnson* and *Franklin* do not apply to Defendant's case, so the motion was untimely. [DE 66 at 6.]

This Court agrees with Judge Atkins' recommendation that Defendant's § 2255 motion be denied, but reaches that conclusion under a slightly different rationale. The Court finds that Defendant's § 2255 motion is timely. However, as Judge Atkins correctly found, neither *Johnson* nor *Franklin* applies under the circumstances of this case. Therefore, Defendant is simply not entitled to the relief he seeks. The Court will also deny Defendant's Motions for Sentence Reduction for the same reason.

§ 2255 contains a one-year statute of limitations. 28 U.S.C. § 2255(f). Relevant to the present motion, the limitation period runs from the latest of "the date on which the judgment of conviction becomes final," or "the date on which the right asserted was initially recognized by the Supreme Court . . . ." *Id.* at § 2255(f)(1), (3). The Supreme Court's decision in *Johnson*

was issued on June 26, 2015. 135 S. Ct. at 2251. Defendant filed his motion within one year from the date of that decision, on February 17, 2016. [DE 61.] Therefore, Defendant's *Johnson* arguments are timely.

Although timely, Defendant's arguments are unavailing. Under the Armed Career Criminal Act (ACCA), a defendant with three previous convictions for violent felonies is subject to a sentence enhancement. 18 U.S.C. § 924(e)(1). A "violent felony" is defined as "any crime punishable by imprisonment for a term exceeding one year . . . that . . . is **burglary**, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]". 18 U.S.C. § 924(e)(2)(B) (emphasis added).

In *Johnson*, the Supreme Court invalidated the so-called residual clause of the definition for being unconstitutionally vague in violation of the Due Process Clause of the Fifth Amendment. 135 S. Ct. at 2555-57. The now-invalidated residual clause is the final piece of the definition quoted above, which states that a violent felony is a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). *Johnson* did not affect the remainder of the Act's definition of a violent felony, including the enumerated offenses that precede the residual clause.

*Johnson* does not provide relief to Defendant because his predicate convictions did not invoke the residual clause. Defendant's sentence enhancement was based on his prior burglary convictions. [DE 48 at 19-20.] Burglary is an enumerated offense within the definition of violent felony. 18 U.S.C. § 924(e)(2)(B)(ii). As such, burglary constitutes a violent felony without reference to the now-defunct residual clause. To quote Judge Coffman, "a burglary is a burglary under this statute. So [Defendant's prior convictions] each qualify as a violent felony." [DE 48 at 20.] In short, *Johnson* is inapplicable to Defendant's case.

*Franklin* does not apply either. In *Franklin*, the Sixth Circuit applied *Johnson* to find that attempted burglary, which was previously used as a qualifying predicate offense under the residual clause, could no longer be used to designate a defendant as an armed career criminal. 622 F. App'x at 514. Here, Defendant's relevant prior convictions were burglaries, not attempted burglaries. Burglary, unlike attempted burglary, is specifically enumerated in the statutory definition and therefore constitutes a violent felony irrespective of the residual clause. Once again, because Defendant's sentence did not rely on the residual clause, *Franklin* has no effect in this case.

Defendant's sentence enhancement was not imposed under the residual clause, so Defendant is not entitled to relief under *Johnson* or its progeny. Accordingly, the Court **HEREBY ORDERS** as follows:

1. The Magistrate Judge's Report and Recommendation [DE 48] is **ADOPTED** and **INCORPORATED** herein by reference;
2. Defendant's Motions to Reduce Sentence [DE 59; 60] are **DENIED**; and
3. Defendant's Motion to Vacate, Set Aside, or Correct a Sentence [DE 61] is **DENIED**.

Dated June 29, 2016.



KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY